RODNEY A. ZEMKE, District Attorney Eau Claire County
You have requested my opinion as to the validity of a policy of the University of Wisconsin-Eau Claire which prohibits any type of door-to-door political solicitation in university-owned dormitories. I am informed that by the words "political solicitation" you mean political canvassing on behalf of a political candidate or political party.
In 61 OAG 373 (1972) my predecessor ruled that door-to-door political canvassing for votes in University of Wisconsin-owned dormitories could be banned by the Director of Housing pursuant to the following policy statement which had been developed by a committee, approved by the campus administration, and endorsed by the Student Senate:
 "Solicitation in the University Residence Halls will require approval of the Director of Housing, who may seek the advice of the Inter-Residence Hall Council."
I am further informed that in implementing this policy, the university has adopted the following guidelines:
 "(1) Political solicitation of any type must be restricted to the lobby or rooms that have been properly reserved for that purpose. Any individual group must contact the individual residence halls to secure permission to solicit within these areas. In certain cases, literature of the sponsoring group may be left at the reception desk. The placement of any literature in the students' mailboxes must coincide with current solicitation policy in that regard. *Page 262 
 "(2) Under no circumstances will solicitation that results in the advertisement or selling of a product be allowed within the residence halls. This would include door-to-door and/or any area within the residence halls.
 "(3) An individual or student group who feels that their cause is of vital importance to those students residing in the halls may petition through the Inter Residence Hall Council and the Housing Office for special exemption from the above-stated policy."
You have expressed doubts as to the validity of this policy on constitutional grounds. Because of recent changes in Administrative Code rules by the Board of Regents, it is unnecessary to reach the constitutional questions. The above rule is outside the scope of authority granted to the campus by the Board of Regents and is therefore unenforceable.
Individual campuses of the University of Wisconsin System possess only those powers delegated to them by the Board of Regents. Recent changes to the Wisconsin Administrative Code make it clear that the University of Wisconsin-Eau Claire, or any other campus for that matter, has not been authorized by the Board of Regents to adopt rules regarding political solicitation except insofar as solicitation of monetary contributions is concerned. Section 36.11 (1), Stats., which deals with the powers of the Board of Regents, provides as follows:
 ". . . (a) The board may adopt rules under ch. 227 to protect the lives, health and safety of persons on property under its jurisdiction and to protect such property and to prevent obstruction of the functions of the system. Any person who violates any rule created under this paragraph may be fined not more than $500 or imprisoned not more than 90 days or both."
Pursuant to this grant of authority the Board of Regents in March of 1976 adopted rules relating to peddling and solicitation. Section UWS 18.06 (16), Wis. Adm. Code, provides in pertinent part as follows:
 "(16) SELLING, PEDDLING AND SOLICITING. (a) No person may sell, peddle or solicit for the sale of goods, services or contributions on any university lands except: *Page 263 
"* * *
 "(6). Solicitation of political contributions under Chapter 11, Wis. Stats. and institutional regulations governing time, place and manner." (Emphasis added)
It is evident from the above-quoted language that in adopting these rules, the board has limited its concern in this area to the solicitation of contributions. These rules became effective April 1, 1976. While such contributions would normally be monetary, it appears that the reference to ch. 11, Stats., would include in kind contributions as well. For convenience I will refer to all such contributions as "monetary contributions." Thus, the above language would not authorize an individual campus, under sec. 36.11 (1), Stats., to adopt rules relating to political canvassing not involving monetary contributions. Consequently, it is my opinion that an individual campus of the University of Wisconsin System does not have authority under sec.UWS 18.06 (16), Wis. Adm. Code, to ban political canvassing not involving the solicitation of monetary contributions.
The question may also arise whether an individual campus can adopt a rule which purports to regulate nonmonetary canvassing and solicitation by university students, and enforce such rule by punishing violations under the student disciplinary process. In adopting rules relating to student discipline. the Board of Regents has also apparently foreclosed sanctions for nonmonetary solicitations. I refer you specifically to sec. UWS 17.06, Wis. Adm. Code, which defines the offenses subject to disciplinary measures. None of the offenses defined in this section would appear to encompasss political solicitation not involving contributions. For example, sec. 17.06 (1) (e), specifically authorizes discipline for violations of ch. UWS 18, Wis. Adm. Code. As discussed above, those sections of ch. UWS 18, Wis. Adm. Code, relating to solicitations are applicable only to monetary solicitations. Consequently, I conclude that a rule such as that passed by the University of Wisconsin-Eau Claire, insofar as it purports to regulate nonmonetary political canvassing, is outside the scope of authority delegated to the institution by the Board of Regents and is unenforceable against students as well as nonstudents.
Because your question relates only to political canvassing not involving money, it is unnecessary to discuss constitutional *Page 264 
questions relating to the attempted enforcement of such a rule against persons seeking political contributions.
BCL:MM